UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ACADEMY LTD., § | | |
| § | | |
| Plaintiff, § | | Civil Action No. 4:11-cv-1175 |
| § | | |
| v. § | | |
| § | | |
| GANDER MOUNTAIN COMPANY, § | | |
| § | | |
| Defendant. § | | JURY TRIAL REQUESTED |

PLAINTIFF'S ORIGINAL COMPLAINT

In this Complaint, Plaintiff Academy Ltd. d/b/a Academy Sports & Outdoors ("Academy") asserts claims against Defendant Gander Mountain Company for trademark infringement in violation of 15 U.S.C. § 1114 (Section 32 of the Lanham Act), unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A) (Section 43(a)(1)(A) of the Lanham Act), dilution under 15 U.S.C. § 1125(c); as well as trademark infringement, unfair competition, unjust enrichment, and injury to business reputation under Texas law.

Academy seeks: (1) actual, treble, and exemplary damages from Defendant as well as an accounting of profits; (2) a preliminary injunction, and after trial, a permanent injunction; and (3) Academy's attorney's fees and costs of court.

In March 2011, Academy requested, telephonically and in writing, Defendant to stop infringing its marks, and to begin a dialog on resolving this. Defendant responded in writing refusing to stop use of the marks and filed a declaratory judgment action in the District Court of Minnesota. For a variety of reasons, Academy is moving to dismiss and/or transfer that case to this Court.

## I. PARTIES

1. Plaintiff Academy is a Texas limited partnership with its principal place of business in Katy, Texas. Academy is therefore a Texas citizen. Defendant operates physical retail stores in 11 states, including 82 stores in Texas.

2. On information and belief, Defendant is a Minnesota corporation with its principal place of business in Saint Paul, Minnesota. Defendant is therefore a Minnesota citizen. Defendant operates physical retail stores in 23 states, including 11 stores in the State of Texas. Defendant also sells its goods and services via its e-commerce websites, www.gandermountain.com and www.academy.gandermountain.com. Defendant can be served by and through its registered agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, Texas 75201-4234.

## II. JURISDICTION AND VENUE

3. The Court has subject-matter jurisdiction over the Lanham Act claims in this action under 28 U.S.C. §§ 1331 and 1338. The Court has subject-matter jurisdiction over the Texas state-law claims in this action under 28 U.S.C. § 1367 because these claims arise out of the same transactions and occurrences giving rise to the federal Lanham Act claims and also under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and Academy and Defendant are citizens of different States.

4. The Court has personal jurisdiction over Defendant because the acts that are the subject of Academy's claims, including trademark infringement and unfair competition, were committed by Defendant, in part, in the State of Texas in this judicial

district.  Defendant conducts business through physical stores, 11 of which are located in the State of Texas, and through its Internet website, www.gandermountain.com, which improperly uses Plaintiff's ACADEMY marks.  This website is an active site allowing consumers to place orders directly through the site.  Texas residents residing in this judicial district are able to purchase products and services directly from Defendant both in its physical stores and through its website.  Additionally, Defendant is making commercial use of its marks incorporating the terms "Gander Mtn. Academy" in this judicial district.  Therefore, Defendant is doing business in this judicial district and committing acts of infringement, unfair competition, and other wrongs in this judicial district.  As a consequence, Defendant has purposefully availed itself of the laws of the State of Texas, and therefore, exercising personal jurisdiction over Defendant is fair and proper.

5.     Under 28 U.S.C. § 1391(b), venue is proper in this judicial district because a substantial part of the events giving rise to the claims of this action occurred in this judicial district.  Venue is also proper under 28 U.S.C. § 1391(c) because Defendant is a company and the federal courts in this judicial district have personal jurisdiction over Defendant related to Academy's claims.

### III.  FACTUAL BACKGROUND

**A.     Plaintiff's business**

6.     Academy is one of the nation's largest sporting goods retailers, operating over 100 stores across the southeastern United States.  Academy offers a wide array of sporting and outdoor equipment, apparel, footwear, as well as accessories, ammunition, and firearms used for hunting.

7. Academy ranks among the highest in sales per store and highest sale per square foot of any sporting goods retailer in the country, and has experienced a compounded annual sales growth rate of 17% over the past ten years.

8. Academy traces its beginnings to 1938 when founder Max Gochman opened the Academy Tire Shop in San Antonio, Texas. A few years later, Gochman began selling military surplus in his shop. In 1956, Arthur Gochman, Max Gochman's son, moved the business to Austin, Texas and expanded the operation to four stores. In 1973, similar stores opened in Houston, Texas and the business continued to grow based on the strong goodwill it had built among consumers over the years. In the early 1980's, Academy added sports and outdoor items to its assortment of products and evolved into a full line sporting goods store.

9. Academy has a long tradition of selling quality merchandise. Its name has been in use with its retail business since 1938. The name Academy has evolved from a small family-run business to a successful sporting and outdoor goods store that is still run by that same family. That name has gained enormous amounts of goodwill among consumers and has come to represent a long tradition of quality goods and services.

10. Academy owns trademark registrations in a family of marks (the "Academy Marks"). *See Exhibit A.*

11. Included among the Academy Marks are the marks, ACADEMY®, ACADEMY.COM®, ACADEMY OUTDOORS®, and ACADEMY SPORTS + OUTDOORS®, and other marks comprising the mark "Academy."

12.     The Academy Marks have been continuously used in commerce at least since 1951.

**B.     Academy has substantial trademark rights through its significant use in commerce of the marks.**

13.     As a result of its long history (over 70 years) of offering quality goods and services through its stores, website, signage, and advertising, Academy enjoys a reputation of respect and goodwill throughout the United States and especially in the states where stores are located.  Accordingly, Plaintiff has acquired exclusive rights to use the mark ACADEMY® and related marks.

14.     Academy has spent substantial sums in advertising over the course of many years to promote the goods and services under the Academy Marks.  As a result, the Academy Marks have earned substantial recognition in the marketplace and the Academy Marks have become a household name in connection with sporting and outdoor goods.  Moreover, Plaintiff's substantial advertising over 70 years of use in commerce has caused the Academy Marks to become famous.

**C.     Defendant's use of the Academy Marks causes confusion.**

15.     On information and belief, Defendant is a competing retailer that sells sporting and outdoor goods in 23 states.

16.     Defendant operates physical stores in many of the same states in which Academy has a presence, including 11 stores in Texas.  Defendant also operates an online retail stores and websites where customers from all over the country can browse through Defendant's online catalogue and purchase products.  Therefore, Defendant is a direct competitor of Plaintiff.

17.     Recently, Defendant opened a virtual shooting range under the name "Gander Mtn. Academy" in the State of Florida, a state in which Academy also operates stores.  On information and belief, Defendant plans to open other locations in the near future.

18.     In connection with its virtual shooting range, on or around October 2010, Defendant applied for registration of several trademarks incorporating the Academy Marks.  A list of these trademark applications is attached as Exhibit B (the "Defendant Marks").

19.     On information and belief, Defendant has engaged in commercial advertising and promotion of "Gander Mtn. Academy" in a variety of media including, but not limited to, the website www.academy.gandermountain.com.  This website causes confusion among consumers in regard to the affiliation of the domain.  The domain name clearly begins with the mark ACADEMY®, which is Academy's registered trademark.

20.     Defendant has used the Defendant Marks in commerce in connection with its goods and services in a manner that is likely to cause confusion; to cause mistake; to deceive as to the affiliation, connection, or association of Defendant with Academy, or as to the origin, sponsorship, or approval of Defendant's goods, services, and/or commercial activities.  Actual confusion has been created in this judicial district as a result of Defendant's use of its marks containing Plaintiff's mark ACADEMY®.

21.     On information and belief, Defendant, without regard for the goods or services of Academy, has a bad faith intent to profit from the Plaintiff's "Academy" family of marks.  Before adopting the Defendant Marks, Defendant was aware of at least one of

the Academy Marks. Before adopting the Defendant Marks, Defendant was aware of Academy and that it was a competitor of Defendant.

22. The "Academy" portion of Defendant's trademark applications is equally emphasized as the rest of the mark and is not used in a descriptive sense. Defendant intentionally added "Academy" to its mark "Gander Mountain," and variations thereof, with knowledge that Academy uses and owns exclusive rights to the mark ACADEMY.

23. The Defendant Marks are confusingly similar to the Academy Marks. The two sets of marks look and sound the same, and the two sets of marks create a similar overall impression. The inclusion of "Academy" in the Defendant Marks suggests a connection, joint venture, or affiliation between Academy and Defendant. However, presently there is no affiliation or joint venture between Academy and Defendant.

24. The Defendant Marks are used in connection with similar goods and services as the Academy Marks. Both Academy and Defendant operate competing sporting and outdoor stores and offer similar goods and services. Consumers have already been confused into thinking there is a connection or affiliation between Academy and Defendant as a result of Defendant's use of the term "Academy" in the Defendant Marks.

25. The Academy Marks are strong marks. Defendant has adopted the Defendant Marks to trade on the goodwill established by Academy through decades of use in commerce. Defendant could have used a number of other descriptors to refer to its virtual shooting range. The term "Academy" was only adopted to ride on the coattails of Academy and to trade on the goodwill built up by Academy. Defendant intentionally chose to use "Academy," the name of one of its competitors.

26. Academy's and Defendant's goods and services are found in similar channels of trade. Both Academy and Defendant operate physical sporting and outdoor goods stores and both companies operate e-commerce websites through which each sells and advertises its respective goods and services. In fact, both Academy and Defendant feature similar goods and services and carry some of the same products in their stores. As but one example, both companies carry apparel by Under Armour®. Therefore, consumers may visit either Company's store to seek apparel from that particular clothier. As a result, consumers could easily be mistaken as to the source of the goods and services offered under Defendant's Marks and be mistakenly led to believe that the two companies are affiliated, or that Defendant's goods and services are sponsored by, or approved by Academy.

27. As an example of actual confusion caused by Defendant, on separate occasions, customers have expressed they believed Academy to be associated with Gander Mountain as a result of the marks at issue. This demonstrates that Defendant's use of the name "Gander Mtn. Academy" has already caused actual confusion with Academy, even in the first months of operation.

**D.     Unless enjoined, Academy will suffer irreparable harm for which it has no remedy at law.**

28. Unless enjoined, Academy will suffer irreparable harm. Unless enjoined, Defendant will continue to trade on the goodwill Academy has built in its marks and profit unfairly from its trademark infringement, unfair competition, and other wrongs. For example, Defendant will continue to wrongfully use the Academy Marks to advertise its goods and services both online and in Defendant's physical stores and to divert business

that otherwise would be Academy's business.  Moreover, Academy has no ability to control the quality of the goods or services offered by Defendant in conjunction with the Defendant Marks, and therefore, is at risk of irreparable harm for which there is no remedy at law and for which money damages cannot repair.

29.     By way of example, if customers of Defendant experience inferior services, they will likely mistakenly attribute that bad experience to Academy due to Defendant's incorporation of Academy's trademarks into the Defendant's marks.  This is heightened by Defendant's strategy to provide the same or similar services to the same customer base using the same advertising channels in connection with the marks.  As established above, all of this is being done intentionally by Defendant as part of a scheme to trade on the goodwill built by Academy in its marks through many years of extensive time, efforts, and advertising.  Defendant has already caused actual confusion.  On information and belief, Defendant is aware of the confusion, but refuses to take remedial measures.

30.     This is a case of a competitor (Defendant) intentionally adopting the exact same trademark of its competitor (Academy).  Defendant is intentionally trying to give the public an impression it is affiliated or connected with Academy.

### IV. CLAIMS

A.     COUNT I – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114 (SECTION 32 OF THE LANHAM ACT)

31.     Academy repeats and realleges paragraphs 1 through 30 as if fully set forth at length herein.

32.     Defendant's aforesaid acts committed in the course of interstates commerce constitute trademark infringement in violation of Section 32 of the Lanham Act, 15

U.S.C. § 1114, of the Academy Marks.  As established by the registration for these marks, the marks are protectable and enforceable against Defendant, Academy is the owner of the marks, and Academy is the senior user of the marks.  Moreover, Defendant's actions have caused a likelihood of confusion and damage to Academy.  In particular, through the infringing use of the Academy Marks, Defendant is harming Academy and potentially directing sales that would otherwise have gone to Academy.  Defendant's use of the Academy Marks is likely to cause confusion or mistake as to the source of Defendant's services and products.

33. In accordance with Section 43 of the Lanham Act, 15 U.S.C. § 1116, Defendant should be preliminarily and upon hearing, permanently enjoined from using the Academy Marks or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, domain name or domain name component, to market, advertise, or identify Denfendant's services.

34. Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Academy is entitled to recover from Defendant:  (i) Defendant's profits, (ii) the damages sustained by Academy, and (iii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of Defendant's conduct, Academy seeks treble the amount of its actual damages.  Due to the exceptional nature of this case, Academy also seeks its reasonable attorney's fees.

B.   COUNT II – UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A) (SECTION 43(A) OF THE LANHAM ACT)

35.   Academy repeats and realleges paragraphs 1 through 34 as if fully set forth at length herein.

36.   Defendant's aforesaid acts committed in the course of interstate commerce constitute material false and misleading representations of fact with respect to the origin of Defendant's services, and the affiliation, sponsorship, and approval of Defendant's products and services in violation of Section 43(a)(1)(A) of the Lanham At, 15 U.S.C. § 1125(a)(1)(A).  Academy has been damaged by Defendant's actions.  Defendant's aforesaid acts are likely to cause confusion or mistake as to the origin of Defendant's services and the affiliation, sponsorship, and approval of Defendant's services.

37.   In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendant should be preliminarily and upon hearing, permanently enjoined from using the Academy Marks or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, domain name or domain name component, or to market, advertise, or identify Defendant's services.

38.   Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Academy is entitled to recover from Defendant:  (i) Defendant's profits, (ii) the damages sustained by Academy, and (iii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of Defendant's conduct, Academy seeks treble the amount of its actual damages.  Due to the exceptional nature of this case, Academy seeks its reasonable attorneys' fees.

C.   COUNT III – DILUTION IN VIOLATION OF 15 U.S.C. §1125(C) (SECTION 43(C) OF THE LANHAM ACT)

39.   Academy repeats and realleges paragraphs 1 through 38 as if fully set forth at length herein.

40.   Defendant's aforesaid acts committed in the course of interstate commerce constitute dilution by blurring in violation of Section 43(c) of the Lanham At, 15 U.S.C. § 1125(c).  Academy has been damaged by Defendant's actions.  Defendant's aforesaid acts have impaired the distinctiveness of the Academy Marks, which have become famous.

41.   In accordance with Section 43 of the Lanham Act, 15 U.S.C. §1125(c), Defendant should be preliminarily and upon hearing, permanently enjoined from using Academy's registered marks or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, domain name or domain name component, or to market, advertise, or identify Defendant's services.

42.   Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(d), Academy is entitled to recover from Defendant:  (i) Defendant's profits, (ii) the damages sustained by Academy, and (iii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of Defendant's conduct, Academy seeks treble the amount of its actual damages.  Due to the exceptional nature of this case, Academy also seeks its reasonable attorney's fees.

D.   COUNT IV – TRADEMARK INFRINGEMENT IN VIOLATION OF TEXAS LAW

43.   Academy repeats and realleges each of the allegations contained in paragraphs 1 through 42 above as if fully set forth herein.

44. As established above, Academy is the senior user of its Marks and enjoys priority over Defendant. Academy's substantial use of these Marks in commerce has resulted in the marks being protectable, distinctive, and enforceable. Defendant's use of its "Gander Mtn. Academy" marks in commerce in connection with competing services constitutes infringement of Academy's common-law rights to its marks. Defendant's use of the marks is likely to cause confusion or mistake as to the source of Defendant's services. Indeed, due to this infringement, some consumers have mistakenly believed that Defendant is affiliated with Academy.

45. In accordance with Texas law, Defendant should be preliminarily and permanently enjoined, upon hearing, from using the Academy Marks or any confusingly similar variation thereof, alone or in combination with other words, as a trademark or service mark, corporate name, trade name component, domain name or domain name component, or to market, advertise, or identify Defendant's goods or services.

46. Academy has been damaged by Defendant's actions. According to Texas law, Academy is entitled to recover its actual damages caused by Defendant's trademark infringement and exemplary damages due to the knowing, willful, and intentional nature of Defendant's actions.

E.   COUNT V – UNFAIR COMPETITION UNDER TEXAS LAW

47. Academy repeats and realleges each of the allegations contained in paragraphs 1 through 46 above as if fully set forth herein.

48. Defendants have engaged in commerce in the State of Texas and this judicial district by marketing, offering to sell, and selling Defendant's competing goods and

services. Defendant has advertised its services on its active website as well as in conjunction with other marketing material. Defendant has competed unfairly in violation of Texas law by misrepresenting or leading the public to believe that its services are sponsored by, approved by, affiliated with, associated with, or originated by Academy.

49. In accordance with Texas law, Defendant should be preliminarily and permanently enjoined, upon hearing, from using the Academy Marks or any confusingly similar variation thereof, alone or in combination with other words, as a trademark or service mark, corporate name, trade name component, domain name or domain name component, or to market, advertise, or identify Defendant's goods or services.

50. Academy has been damaged by Defendant's actions. According to Texas law, Academy is entitled to recover its actual damages caused by Defendant's unfair competition and exemplary damages due to the knowing, willful, and intentional nature of Defendant's actions.

F.   COUNT VI – UNJUST ENRICHMENT UNDER TEXAS LAW

51. Academy repeats and realleges each of the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52. As set forth above, Defendant has used Academy's Marks and goodwill as an integral step of Defendant's sales of its goods and services. On information and belief, Defendant has received a direct pecuniary benefit from these unlawful acts. Defendant is therefore unjustly enriched to Academy's detriment. As a result, Academy is entitled to recover its actual damages caused by Defendant's unjust enrichment.

G.  **COUNT VII – INJURY TO BUSINESS REPUTATION IN VIOLATION OF TEX. BUS. & COMM. CODE §16.29**

53.  Academy repeats and realleges each of the allegations contained in paragraph 1 through 52 above as if fully set forth herein.

54.  As established above, Defendant's actions, particularly its use of Academy's Marks in commerce has injured and is likely to injure in the future Academy's business reputation and is likely to dilute the distinctive quality of Academy's Marks.  Accordingly, Academy is entitled to an injunction enjoining Defendant from:  (i) representing that Defendant's services are in any way sponsored by, approved by, affiliated with, associated with, or originated by Academy; (ii) using Academy's Marks or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, domain name, or domain name component, or to market, advertise, or identify Defendant's services, and (iii) otherwise competing unfairly with Academy or injuring its business reputation in any manner.

V.  **APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION**

55.  Academy repeats and realleges each of the allegations set forth in paragraphs 1 through 54 above as if fully set forth herein.

56.  On information and belief, Defendant, unless enjoined, will continue to misrepresent to or mislead the public into believing that their services are sponsored by, approved by, affiliated with, associated with, or originated by Academy and infringe the Academy Marks by using those marks or confusingly similar variations thereof to identify Defendant's competing goods and services.  All of these acts violate the Lanham Act and Texas law.

57. These actions entitle Academy to a preliminary injunction and, upon hearing, permanent injunction enjoining Defendant and its officers, agents, servants, employees, and attorneys, and all those persons in active concert or in participation with Defendant from:

    (i) Representing that Defendant's services are in any way sponsored by, approved by, affiliated with, associated with, or originated by Academy;

    (ii) Using the Academy Marks or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, domain name, or domain name component, or to market, advertise, or identify Defendant's services; and

    (iii) Otherwise competing unfairly with Academy or injuring its business reputation in any manner.

58. For these actions, there is no adequate remedy at law.  Further, Academy is substantially likely to prevail on the merits of these claims.  The injury to Academy greatly outweighs any injury to Defendant that the requested injunction may cause.  The balance of hardships tips strongly in favor of Academy.  Finally, the injunction will not disserve the public interest.  Therefore, Academy is entitled to preliminary and permanent injunctive relief against Defendant.

## V. JURY REQUEST

In accordance with Federal Rule of Civil Procedure 38, Academy hereby demands a trial by jury on its claims alleged against Defendant.

## VI. REQUEST FOR RELIEF

For these reasons, Academy respectfully requests the Court to:

1.	In accordance with Texas law and 15 U.S.C. § 1116, issue a preliminary and permanent injunction enjoining Defendant and its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendant from the acts described in paragraph 57 of this Complaint;

2.	Order Defendant and its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with them, to provide an accounting of all sales, revenues, and profits related to Defendant's goods and services that infringe the Academy Marks and that are falsely designated as being sponsored by, approved by, affiliated with, or associated with Academy.

3.	Award Academy its actual, treble, and exemplary damages;

4.	In accordance with 15 U.S.C. § 1118, order all materials in Defendant's possession or control bearing the Academy Marks be surrendered for destruction;

5.	Order Defendant to expressly abandon its trademark applications for the Defendant Marks;

6.	In accordance with Texas law and 15 U.S.C. § 1117(a), find this case to be exceptional in Academy's favor and award Academy its reasonable attorney's fees, costs, and expenses of this action;

7.	Award Academy its costs and pre-judgment and post-judgment interest at the maximum allowable interest rate; and

8. Grant Academy such other relief, at law or in equity, to which it is justly entitled.

DATED this 1st day of April, 2011.

Respectfully submitted,

By:   s/ Darin M. Klemchuk
Darin M. Klemchuk
Attorney-In-Charge
State Bar No. 24002418
Southern District of Texas Bar ID #23662
Kelly J. Kubasta
State Bar No. 24002430
Southern District of Texas Bar ID #22847
KLEMCHUK KUBASTA LLP
8150 N. Central Expressway
Suite 1150
Dallas, Texas 75206
Tel.  214.367.6000
Fax.  214.367.6001
darin.klemchuk@kk-llp.com
kelly.kubasta@kk-llp.com
docketing_kkllp@me.com

**ATTORNEYS FOR PLAINTIFF ACADEMY LTD.**